IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JIMMIE COLE                                                                    PLAINTIFF

v.                                         Civil No. 4:19-cv-04010

CORPORAL HENDERSON, Miller County
Detention Center                                                               DEFENDANT

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jimmie Cole filed this 42 U.S.C. § 1983 action *pro se* on January 29, 2019.  (ECF

No. 1).  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan

O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose

of making a Report and Recommendation.  Before the Court is Plaintiff's Motion for Restraining

Order.  (ECF No. 8).  Defendant has filed a Response in opposition to the motion.  (ECF No. 12).

**I.  BACKGROUND**

Plaintiff is currently being held in the Miller County Detention Center ("MCDC") awaiting

trial on pending criminal charges.  Plaintiff's Complaint alleges in part that his constitutional rights

were violated when Defendant Corporal Henderson used excessive force against him on January

23, 2019.  (ECF No. 1, pp. 5-6).  On February 8, 2019, Plaintiff filed the instant motion for a

restraining order stating "I need A restrainng [sic] order on Corporal Henderson for safety in Jail.

I do not Like Being Around him in Max E I do not Like for him Being Around MY food."  (ECF

No. 8).

Defendant Henderson filed his Response arguing Plaintiff's motion should be denied

because "not liking someone being around is not sufficient", Defendant Henderson does not have

the authority to change the schedule and duties assigned to him, it would be a burden to the MCDC

to schedule its employees based on whether inmates like or dislike certain employees, and Plaintiff

has failed to exhaust his administrative remedies with respect to the motion.  (ECF No. 12).

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary

restraining orders and preliminary injunctions.  In deciding a motion for a temporary restraining

order or a preliminary injunction, the courts are instructed to consider the following factors:  (1)

the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the

balance between this harm and the injury granting the injunction will inflict on other interested

parties; and (4) whether the issuance of an injunction is in the public interest.  *Dataphase Systems,*

*Inc. v. C. L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining*

*and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc.*

*v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).

While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held

"the two most critical factors for a district court to consider in determining whether to grant a

preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2)

whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium*

*Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976).   The burden of proving a preliminary

injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995).  In

addition, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief

must always be viewed with great caution because judicial restraint is especially called for in

dealing with the complex and intractable problems of prison administration."  *Id.* (internal

quotations omitted).

2

## III. DISCUSSION

Plaintiff asks this Court to issue a restraining order, presumably removing Defendant Henderson from where Plaintiff is being detained in Max E, "for safety in jail".  Plaintiff goes on to state he does not like being around Henderson and "I do not like for him being around my food." (ECF No. 8).  The *Dataphase* factors do not support such drastic injunctive relief in this case.

First, Plaintiff alleges Defendant Henderson used excessive force against him on January 23, 2019, when "Cpl. Henderson (shadow) came right back on the 23rd day of Jan. Knowing that he couldn't & shoudlt put anybody in the cell with me, He slam's my foot & leg & arm in the door then kicked me back into the cell after spraying me directly in the face with the (mace)…"  (ECF No. 1, p. 5).  Defendant Henderson filed his Answer on February 13, 2019, denying the allegations against him.  (ECF No. 11).  Defendant also asserts various affirmative defenses claiming in part that Plaintiff caused any injuries he may have suffered.  *Id.*at p. 3.

The evaluation of excessive force claims brought by pre-trial detainees, although grounded in the Fifth and Fourteenth Amendments, rely on the same objective reasonableness standard as arrestee claims grounded in the Fourth Amendment.  *Andrews v. Neer,* 253 F.3d 1052, 1060 (8th Cir. 2001) (citing *Schoemehl,* 878 F.2d at 1048-9).  The use of force must be necessary to some legitimate institutional interest such as safety, security, or efficiency, and the force used must not be in excess of that reasonably believed necessary to achieve those goals.  *See Schoemehl*, 878 F.2d at 1048.  The relevant inquiry being whether the officials acted in an objectively reasonable manner in light of the facts and circumstances confronting them without regard to their underlying intent or motivation.  *See Graham v. Connor*, 490 U.S. 386, 397 (1989).  The Court should consider the reasonableness "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  *Id.* at 396.   Finally, the Court should consider whether the totality of the circumstances justifies the use of force.  *Foster v. Metropolitan Airports Comm'n,* 914 F.2d

1076, 1081 (8th Cir. 1990).  At this stage of the litigation the Court is unable to determine, what, if any, likelihood Plaintiff has of prevailing on the merits of his claims.

Next, Plaintiff has not demonstrated he will suffer any irreparable harm if his injunctive relief is denied.  Plaintiff's claim that he does not like being around Defendant Henderson is insufficient to establish irreparable injury.  Without a finding of irreparable injury, a preliminary injunction should not be issued.  *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.,* 871 F.2d 734, 738 (8th Cir. 1989) (*en banc*).

Finally, the Court must balance the harm and injury to Defendant if an injunction is granted and assess whether the issuance of an injunction would be in the public interest. In assessing the public interest, it must be remembered that "federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States."  *Meachum v. Fano*, 427 U.S. 215, 229 (1976).  Granting injunctive relief at this point would amount to direct interference by the Court with the operation and administration of the MCDC which is harmful to Defendant and the detention center and does not serve any public interest.  As noted above, the Court should grant injunctive relief only "with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration."  *Goff*, 60 F.3d at 520.

### IV. CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Motion for Restraining Order (ECF No. 8) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 27th day of February 2019.**

/s/ *Barry A. Bryant*

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE