IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JIMMIE COLE                                                                                          PLAINTIFF

v.                                    Civil No. 4:19-cv-4010

CORPORAL HENDERSON, Miller County
Detention Center                                                                                     DEFENDANT

## ORDER

Plaintiff Jimmie Cole filed this 42 U.S.C. § 1983 action *pro se* on January 29, 2019. (ECF No. 1). Plaintiff's motion to proceed *in forma pauperis* was granted that same day. (ECF No. 3). In this order, Plaintiff was advised that he must immediately inform the Court of any change in his address. (ECF No. 3). This order also informed Plaintiff that failure to inform the Court of an address change would result in the dismissal of his case. *Id.* On June 3, 2019, mail sent from the Court to Plaintiff at his address of record was returned as undeliverable. (ECF No. 17). To date, Plaintiff has not provided the Court with an updated address.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with any court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986).

Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 11h day of July, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge